UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **STEVEN WAYNE ADAMS**, | 19-cv-10778 |
| Petitioner, | |
| | HON. TERRENCE G. BERG |
| v. | |
| **JOSEPH BARRETT**, | **ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** |
| Respondent. | |

Petitioner Steven Wayne Adams, a state prisoner incarcerated at the Cooper Street Correctional Facility in Jackson, Michigan, seeks a writ of habeas corpus under 28 U.S.C. § 2254. In his *pro se* petition, Adams challenges the sentence of 80 to 120 months imposed on him by the 20th Circuit Court for Ottawa County, Michigan for operating while intoxicated (OWI) as a third-time offender in violation of Mich. Comp. Laws § 257.625.[1] He urges that his sentence violates the principle of proportionality, that the trial court failed to justify its upward departure

---

[1] The Michigan Department of Corrections ("MDOC") website describes Petitioner's conviction as "Operating Intoxicated/Impaired/Controlled Substance – 3rd" and identifies the relevant statute as Mich. Comp. Laws § 257.6256D. But there is no subsection (6)(D) to Mich. Comp. Laws § 257.625. And Mich. Comp. Laws § 257.625(6) addresses OWI for individuals under the age of 21. Based on information available on the MDOC's website, and that provided by Petitioner, the Court deduces that Petitioner pled guilty to violating Mich. Comp. Laws § 257.625(9)(c), which governs OWIs for individuals with two or more prior convictions.

from the sentencing guidelines range, and that he is entitled to be resentenced before a different state court judge. It is plain from the face of the petition that habeas relief is not warranted, and the Court will therefore dismiss the petition. *See* Rule 4 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (requiring the Court to promptly review habeas corpus petitions and dismiss any that on their face will plainly will not entitle the petitioner to relief).

## BACKGROUND

Petitioner pled guilty to OWI, third-time offense, in Ottawa County Circuit Court and on January 29, 2018 the state trial judge sentenced him as a third-habitual offender to 80 to 120 months of imprisonment (approximately six-and-a-half years to ten years). ECF No. 1 PageID.1 (Habeas Pet.). Petitioner filed an application for leave to appeal his sentence to the Michigan Court of Appeals, raising the same claims he now asserts in his habeas petition. *See* ECF No. 1 PageID.2. The Michigan Court of Appeals denied leave to appeal stating only, "The Court orders that the delayed application for leave to appeal is DENIED for lack of merit in the grounds presented." *People v. Adams,* No. 344810 (Mich. Ct. App. Aug. 29, 2018). The Michigan Supreme Court denied Petitioner leave to appeal on the basis that it was "not persuaded that the question presented should be reviewed by this Court." *People v. Adams,* 922 N.W.2d 114 (Mich. 2019).

Petitioner then filed the instant habeas petition asserting that: (1)

his sentence, which he considers a 37-month upward departure from the sentencing guidelines, violates the principle of proportionality; (2) the trial court failed to adequately justify its upward departure; and (3) he is entitled to resentencing by a different judge because of comments made by the sentencing judge about Petitioner's previous convictions for involuntary manslaughter.

## DISCUSSION

28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, "sets several limits on the power of a federal court to grant an application for a writ of habeas corpus on behalf of a state prisoner." *Moore v. Mitchell*, 708 F.3d 760, 781 (6th Cir. 2013) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011)). A federal court "shall not" grant a habeas petition filed by "a person in custody pursuant to the judgment of a State court . . . with respect to any claim that was adjudicated on the merits in State court proceedings," unless at least one of two exceptions applies. 28 U.S.C. § 2254(d).

The first exception occurs if the state court judgment "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." *Id.* A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a

case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 408. The second exception under which a federal court may grant a state prisoner habeas relief applies if the state court judgment "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* AEDPA therefore "imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010).

Although 28 U.S.C. § 2254(d) does not completely bar federal courts from re-litigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. *Harrington v. Richter*, 562 U.S. 86, 103 (2011). Indeed, § 2254(d) "reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Id.* at 102–03 (internal quotations and citation omitted).

Petitioner's claims for habeas relief arise from his sentence and

4

therefore implicate the Eighth Amendment's prohibition on "cruel and unusual punishments." U.S. Const., amend. VIII. The Eighth Amendment, however, "does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Harmelin* v. *Michigan*, 501 U.S. 957, 1001 (1991) (quoting *Solem v. Helm*, 463 U.S. 277, 288 (1983)). Courts reviewing Eighth Amendment proportionality must remain highly deferential to the legislatures in determining the appropriate punishments for crimes. *United States v. Layne*, 324 F.3d 464, 473–74 (6th Cir. 2003) (citing *Harmelin,* 501 U.S. at 999). "In implementing this 'narrow proportionality principle,' the Sixth Circuit has recognized that 'only an extreme disparity between crime and sentence offends the Eighth Amendment.'" *Cowherd v. Million*, 260 Fed. App'x 781, 785 (6th Cir. 2008) (quoting *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000)). As long as the sentence remains within the statutory limits, trial courts have historically been given wide discretion in determining "the type and extent of punishment for convicted defendants." *Williams v. New York*, 337 U.S. 241, 245 (1949).

Petitioner's sentence falls within the statutory maximum for his offense. *See* Mich. Comp. Laws § 257.625(9)(c)(i) (providing that persons convicted of felony OWI with two or more prior convictions shall be sentenced to between one and five years in prison); Mich. Comp. Laws § 769.11(a)(1) (allowing judges to sentence a person previously convicted

of two or more felonies punishable by imprisonment for less than a life term to imprisonment for a maximum term "not more than twice the longest term prescribed by law for a first conviction of that offense," which in this case would be ten years). Because Petitioner's sentence of between six-and-a-half years and ten years is within the ten-year statutory maximum accorded by Michigan law, this Court will defer to the decision of the state court and deny habeas relief on this claim. *See Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) ("A sentence within the statutory maximum . . . generally does not constitute cruel and unusual punishment.") (internal quotation omitted).

Petitioner also argues that the sentencing judge failed to justify the extent of the departure from the guidelines range. The Michigan Court of Appeals rejected this claim on the merits. *See Adams*, No. 344810. As explained by the Supreme Court, "[t]he habeas statute unambiguously provides that a federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010), quoting 28 U.S.C. § 2254(a). The requirement that a sentencing court articulate a "substantial and compelling reason" for departure from the sentencing guidelines is found in Michigan, not federal, law. *See* Mich. Comp. Laws § 769.34(3). Accordingly, whether a state court judge articulates substantial and compelling reasons for departing from the sentencing guidelines is a matter of state law and cannot be the basis for

a due process violation. S*ee Howard v. White*, 76 Fed. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."); *Swarthout v. Cooke*, 562 U.S. 216, 222 (2011) ("[A] mere error of state law is not a denial of due process.") (internal quotations omitted).

Finally, Petitioner's claim that he should be resentenced by a different state court trial judge is rendered moot by denial of the preceding claims for habeas relief.

## CONCLUSION

For these reasons, it is hereby **ORDERED** that Petitioner's petition for a writ of habeas corpus (ECF No. 1) is **DENIED**. It is further **ORDERED** that a certificate of appealability is **DENIED** because Petitioner has failed to make a substantial showing of the denial of a constitutional right as to his claims. *See* 28 U.S.C. § 2253(c)(2) (mandating that a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."). But if Petitioner chooses to appeal the Court's decision, he may proceed *in forma pauperis* on appeal because an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3).

Dated: July 24, 2019      s/Terrence G. Berg
                          TERRENCE G. BERG
                          UNITED STATES DISTRICT JUDGE